NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SOCAL RECOVERY, LLC, a California limited liability company; ROGER LAWSON,

Plaintiffs-Appellants,

v.

CITY OF COSTA MESA, a municipal corporation; DOES, 1-100,

Defendants-Appellees.

No.    19-56077

D.C. No.
8:18-cv-01304-JVS-PJW

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted June 2, 2020[**]
Pasadena, California

Before: CALLAHAN and NGUYEN, Circuit Judges, and R. COLLINS,[***] District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

SoCal Recovery, LLC ("SoCal") and resident Roger Lawson ("Lawson") appeal the district court's denial of their motion for a preliminary injunction against the City of Costa Mesa (the "City") to prevent the enforcement of the City's zoning ordinances against a sober living residence operated by SoCal. We have jurisdiction pursuant to 28 U.S.C. § 1292(a)(1), and we affirm.[1]

To warrant a preliminary injunction, a plaintiff must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). In this circuit, we have adopted "a 'sliding scale' approach," whereby "a stronger showing of one element may offset a weaker showing of another." *hiQ Labs, Inc. v. LinkedIn Corp.*, 938 F.3d 985, 992 (9th Cir. 2019) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011)). Thus, "when the balance of hardships tips sharply in the plaintiff's favor, the plaintiff need demonstrate only 'serious questions going to the merits.'" *Id.*

Reviewing for abuse of discretion, we find that the district court did not err in denying the plaintiffs a preliminary injunction. *See Inst. of Cetacean Research v. Sea Shepherd Conservation Soc'y*, 725 F.3d 940, 944 (9th Cir. 2013). First, the

---

[1] We also grant the appellants' request for judicial notice, *see* Fed. R. Evid. 201, and deny the appellee's motion to supplement the record on appeal.

district court did not abuse its discretion in determining that the balance of hardships did not tip sharply in the plaintiffs' favor. The district court acknowledged the potential hardships confronting SoCal and Lawson absent injunctive relief, and it recognized their individual interests in the continued operation of the sober living facility, as well as "the public interest in vindicating fair housing rights and promoting the recovery of alcoholics and addicts." But the district court also found significant countervailing interests that weighed against a grant of relief to the plaintiffs, including the interests of the City in enforcing its ordinances and of the residents of sober living homes and the public at large in preserving the benefits the City ordinances conferred. The court further noted the City's concerns that non-enforcement would "contribute to the overconcentration of these types of facilities in this residential neighborhood," clash with "the scale and intensity of surrounding properties," and "fundamentally alter" the neighborhood's character. Ultimately, the court reasonably concluded there were "public interests on both sides," and that the balance of hardships did not tip sharply in the plaintiffs' favor, such that they could not avail themselves of *Cottrell*'s more malleable "sliding scale" approach to the test for preliminary injunctive relief.

Second, we hold that the district court did not abuse its discretion in determining that the plaintiffs failed to demonstrate a likelihood of success on the

3

merits of their reasonable accommodation claim pursuant to the Fair Housing Act ("FHA").[2] The plaintiffs never submitted a written request for a general departure from the 650-foot separation requirement—although that procedure was mandated by the City's zoning ordinances, brought to SoCal's attention by City officials, and specifically solicited from SoCal by the City. And when the plaintiffs ultimately did submit a written request for the accommodation of using the "walk-off" metric rather than the "bird's eye" metric for distance calculations, they failed to respond to the City's reasonable solicitation of additional, more reliable information pertaining to the distance measurements relied on by the plaintiffs. At no point do the plaintiffs explain why they failed to comply with the City's procedures (which SoCal had followed, without incident, with respect to a different one of its sober living residences) or the City's information request, even after those deficiencies were brought to their attention by the City with sufficient time to cure them. Against that backdrop, we find no abuse of discretion in the district court's conclusion that the plaintiffs failed to show a likelihood of success on the merits of their claim that their reasonable accommodation request was wrongfully denied in violation of the FHA.

---

[2] The district court found that the plaintiffs failed to demonstrate a likelihood of success on any of their claims, but, on appeal, the plaintiffs challenge only the district court's assessment of their reasonable accommodation claim under the FHA.

Without showing that the balance of hardships tips sharply in their favor, and without showing a likelihood of success on the merits, the plaintiffs cannot satisfy the applicable standards for preliminary injunctive relief.  *See Winter*, 555 U.S. at 20; *Cottrell*, 632 F.3d at 1131.  Therefore, the district court appropriately denied the plaintiffs' motion for a preliminary injunction.

**AFFIRMED.**